## HART v. AMERICAN FIDELITY CO.

(Supreme Court, Appellate Term. March 10, 1910.)

INSURANCE (§ 665*)—BURGLARY INSURANCE—EVIDENCE—SUFFICIENCY.

In an action on a burglar insurance policy based on the larceny of jewelry, evidence held insufficient to show larceny.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 665.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Frieda Hart against the American Fidelity Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and WHITNEY, JJ.

James, Schell & Elkus, for appellant.
J. Sidney Bernstein, for respondent.

PER CURIAM. Plaintiff seeks to recover upon a burglar insurance policy the value of a diamond earring, which she alleges was stolen under the following circumstances: Plaintiff testified that she was at a washstand in her apartment in an apartment building, engaged in washing a pair of diamond earrings, when one of them slipped and fell into the wash basin, and disappeared through a hole in the bottom of the basin which led into the drain pipe; that she immediately sent for one Weiss, who was an assistant janitor or watcher of adjoining premises; that he opened the pipe in her presence, but was unable to find the earring. The husband of the plaintiff testified that when he returned home in the evening he opened the pipe and failed to find the earring, and that next day plumbers were brought in, who opened the pipe on the floor below, and the earring was not found by them. This witness testified that there was a sieve in the pipe; that "he could not say that the sieve was uninjured and properly attached," but testified "it was not broken or cut so that anything could fall through; but that earring could not have gotten as far as that sieve at all." From these circumstances plaintiff contended that the earring was stolen by the man Weiss, and the jury rendered a verdict in favor of the plaintiff upon that theory.

Neither of the plumbers who opened the pipe on the floor below were called to testify as to the condition of the pipe, and there were no sections of the pipe or fac similes of the pipe or sieve offered in evidence, so that the jury could form a just conclusion as to whether the apertures therein were sufficient to permit the passage of the earring. The whole case seems to rest upon the testimony of the husband and wife. The man Weiss died subsequent to the occurrence. The most that the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff established by her unsupported evidence as to the happenings at that time, and the evidence of her husband as to subsequent happenings, was the loss of an earring. This would not render the defendant liable under the terms of the policy. The plaintiff failed to prove her cause of action, based upon larceny, by a fair preponderance of evidence.

The judgment, therefore, should be reversed, and a new trial ordered, with costs to appellant to abide the event.